**UNITED STATES DISTRICT COURT**

EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| JOHN MIEHLICH, | ) | CASE NO. 1:10-cv-00844 GSA PC |
| Plaintiff, | ) | ORDER DISMISSING COMPLAINT, WITH LEAVE TO FILE AMENDED COMPLAINT WITHIN THIRTY DAYS |
| v. | ) | |
| DR. GREENMAN, et al., | ) | (Doc. 1) |
| Defendants. | ) | |

**Screening Order**

**I.     Screening Requirement**

Plaintiff is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983.  Plaintiff has consented to magistrate judge jurisdiction pursuant to 28 U.S.C. § 636(c)(1).

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2). "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

///

1

1  Rule 8(a)'s simplified pleading standard applies to all civil actions, with limited exceptions,"
2  none of which applies to § 1983 actions. Swierkiewicz v. Sorema, N.A., 534 U.S. 506 (512) (2002).
3  Pursuant to Rule 8(a), a complaint must contain "a short and plain statement of the claim showing
4  that the pleader is entitled to relief . . ." Fed. R. Civ. P. 8(a). "Such a statement must simply give
5  defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests."
6  Swierkewicz, 534 U.S. at 512. Detailed factual allegations are not required, but "[t]hreadbare
7  recitals of the elements of the cause of action, supported by mere conclusory statements, do not
8  suffice." Ashcroft v. Iqbal, 129 S.Ct. 1937, 1949 (209), citing Bell Atlantic Corp. v. Twombly, 550
9  U.S. 544, 555 (2007). "Plaintiff must set forth sufficient factual matter accepted as true, to 'state a
10 claim that is plausible on its face.'" Iqbal, 129 S.Ct. at 1949, quoting Twombly, 550 U.S. at 555.
11 While factual allegations are accepted as true, legal conclusions are not. Iqbal, 129 S.Ct. at 1949.

12  Although accepted as true, "[f]actual allegations must be [sufficient] to raise a right to relief
13 above the speculative level." Twombly, 550 U.S. at 555 (citations omitted). A plaintiff must set
14 forth "the grounds of his entitlement to relief,'" which "requires more than labels and conclusions,
15 and a formulaic recitation of the elements of a cause of action." Id. at 555-56 (internal quotation
16 marks and citations omitted). To adequately state a claim against a defendant, a plaintiff must set
17 forth the legal and factual basis for his claim.

18 **II.     Plaintiff's Claims**

19  The events at issue in this action occurred at Avenal State Prison, where Plaintiff is currently
20 housed. Though unclear from the statement of claim, it appears that Plaintiff is challenging the
21 adequacy of his medical care. Plaintiff names as defendants the following: Dr. E. Greenman, Chief
22 Medical Officer; Dr. M. Bopari; Physician's Assistant Blackwell; the California Department of
23 Corrections and Rehabilitation (CDCR).

24  Plaintiff's statement of claim, in its entirety, follows:

25  > I have been previously determined to be permanently mobility
   > impaired. Since arriving at ASP all defendants have refused to
26 > acknowledge my limited mobility & insist on denying my medical
   > condition resulting in chronic pain, mental anguish & threats in which
27 > they are telling me I will have to climb stairs &/or climb into a top
   > bunk.
28 (Compl. ¶ IV.)

2

A.     **Eighth Amendment Medical Care Claim**

"[T]o maintain an Eighth Amendment claim based on prison medical treatment, an inmate must show 'deliberate indifference to serious medical needs.'" Jett v. Penner, 439 F.3d 1091, 1096 (9th Cir. 2006) (quoting Estelle v. Gamble, 429 U.S. 97, 106, 97 S.Ct. 295 (1976)).  The two part test for deliberate indifference requires the plaintiff to show (1) "'a serious medical need' by demonstrating that 'failure to treat a prisoner's condition could result in further significant injury or the unnecessary and wanton infliction of pain,'" and (2) "the defendant's response to the need was deliberately indifferent." Jett, 439 F.3d at 1096 (quoting McGuckin v. Smith, 974 F.2d 1050, 1059 (9th Cir. 1992), overruled on other grounds, WMX Techs., Inc. v. Miller, 104 F.3d 1133, 1136 (9th Cir. 1997) (en banc) (internal quotations omitted)).  Deliberate indifference is shown by "a purposeful act or failure to respond to a prisoner's pain or possible medical need, and harm caused by the indifference." Id. (citing McGuckin, 974 F.2d at 1060).  Where a prisoner is alleging a delay in receiving medical treatment, the delay must have led to further harm in order for the prisoner to make a claim of deliberate indifference to serious medical needs. McGuckin at 1060 (citing Shapely v. Nevada Bd. of State Prison Comm'rs, 766 F.2d 404, 407 (9th Cir. 1985)).

To state a claim under section 1983, a plaintiff must allege that (1) the defendant acted under color of state law and (2) the defendant deprived him of rights secured by the Constitution or federal law. Long v. County of Los Angeles, 442 F.3d 1178, 1185 (9th Cir. 2006). "A person deprives another of a constitutional right, where that person 'does an affirmative act, participates in another's affirmative acts, or omits to perform an act which [that person] is legally required to do that causes the deprivation of which complaint is made.'" Hydrick v. Hunter, 500 F.3d 978, 988 (9th Cir. 2007) (quoting Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978)). "[T]he 'requisite causal connection can be established not only by some kind of direct, personal participation in the deprivation, but also by setting in motion a series of acts by others which the actor knows or reasonably should know would cause others to inflict the constitutional injury.'" Id. (quoting Johnson at 743-44).

Here, Plaintiff fails to charge any of the named defendants with specific conduct that states a claim.  Plaintiff must allege facts indicating that each of the named defendants knew of a serious medical condition or serious risk to Plaintiff's health, and acted with disregard to that risk.  The

Court finds Plaintiff's allegations to be vague. Plaintiff may not charge conduct as to defendants in general. In order to hold an individual defendant liable, Plaintiff must name the individual defendant, describe where that defendant is employed and in what capacity, and explain how that defendant acted under color of state law. Plaintiff should state clearly, in his own words, what happened. Plaintiff must describe what each defendant, *by name*, did to violate the particular right described by Plaintiff. Plaintiff has failed to do so here.

**B.     Immunity**

"The Eleventh Amendment prohibits federal courts from hearing suits brought against an unconsenting state. Though its language might suggest otherwise, the Eleventh Amendment has long been construed to extend to suits brought against a state both by its own citizens, as well as by citizens of other states." Brooks v. Sulphur Springs Valley Elec. Coop., 951 F.2d 1050, 1053 (9th Cir. 1991); see also Seminole Tribe of Florida v. Florida, 517 U.S. 44 (1996); Puerto Rico Aqueduct Sewer Authority v. Metcalf & Eddy, Inc., 506 U.S. 139, 144 (1993); Austin v. State Indus. Ins. Sys., 939 F.2d 676, 677 (9th Cir. 1991).

The Eleventh Amendment bars suits against state agencies as well as those where the state itself is named as a defendant. See Natural Resources Defense Council v. California Department of Transportation, 96 F.3d 420, 421 (9th Cir. 1996); Brooks, 951 F.2d at 1053; Taylor v. List, 880 F.2d 1040, 1045 (9th Cir. 1989) (concluding that Nevada Department of Prisons was a state agency entitled to Eleventh Amendment immunity); Mitchell v. Los Angeles Community College District, 861 F.2d 198, 201 (9th Cir. 1989). The CDCR, an agency of the state of California, is therefore immune from suit.

**III.     Conclusion and Order**

The Court has screened Plaintiff's complaint and finds that it does not state any claims upon which relief may be granted under section 1983. The Court will provide Plaintiff with the opportunity to file an amended complaint curing the deficiencies identified by the Court in this order. Noll v. Carlson, 809 F.2d 1446, 1448-49 (9th Cir. 1987). Plaintiff is cautioned that he may not change the nature of this suit by adding new, unrelated claims in his amended complaint. George, 507 F.3d at 607 (no "buckshot" complaints).

4

1    Plaintiff's amended complaint should be brief, Fed. R. Civ. P. 8(a), but must state what each
2 named defendant did that led to the deprivation of Plaintiff's constitutional or other federal rights,
3 Hydrick, 500 F.3d at 987-88.  Although accepted as true, the "[f]actual allegations must be
4 [sufficient] to raise a right to relief above the speculative level . . . ."  Bell Atlantic Corp. v.
5 Twombly, 127 S.Ct. 1955, 1965 (2007) (citations omitted).

6    Finally, Plaintiff is advised that an amended complaint supercedes the original complaint,
7 Forsyth v. Humana, Inc., 114 F.3d 1467, 1474 (9th Cir. 1997); King v. Atiyeh, 814 F.2d 565, 567
8 (9th Cir. 1987), and must be "complete in itself without reference to the prior or superceded
9 pleading," Local Rule 220.  Plaintiff is warned that "[a]ll causes of action alleged in an original
10 complaint which are not alleged in an amended complaint are waived."  King, 814 F.2d at 567 (citing
11 to London v. Coopers & Lybrand, 644 F.2d 811, 814 (9th Cir. 1981)); accord Forsyth, 114 F.3d at
12 1474.

13    Accordingly, based on the foregoing, it is HEREBY ORDERED that:

14    1.   Plaintiff's complaint is dismissed, with leave to amend, for failure to state a claim;

15    2.   The Clerk's Office shall send to Plaintiff a complaint form;

16    3.   Within **thirty (30) days** from the date of service of this order, Plaintiff shall file an
17         amended complaint;

18    4.   Plaintiff may not add any new, unrelated claims to this action via his amended
19         complaint and any attempt to do so will result in an order striking the amended
20         complaint; and

21    5.   If Plaintiff fails to file an amended complaint, the Court will dismiss this action, with
22         prejudice, for failure to state a claim.

25    IT IS SO ORDERED.

26    Dated:   **November 15, 2010**           **/s/ Gary S. Austin**
                                               UNITED STATES MAGISTRATE JUDGE